IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RODOLFO ANDRADE**
**PLAINTIFF**

**VERSUS**  **CIVIL ACTION NO.**
  **14-cv-69-HSO-RHW**

**MICHAEL V. LOMBARDI, , U.S.**
**OPPORTINITIES LLC, AND ROYAL**
**HOSPITALITY SERVICES, LLC.**

**DEFENDANTS**

---

## COMPLAINT

### JURY TRIAL DEMANDED

COMES NOW Plaintiff Rodolfo Andrade, and files this Complaint against the Defendants, pursuant to the Fair Labor Standards Act ("FLSA") and the Trafficking Victims Protection Act ("TVPA").

### PELIMINARY STATEMENT

This case is about human trafficking for profit. Over the past few years, Plaintiff and other similarly situated immigrant workers have been systematically defrauded and exploited in the recruitment and hiring process in numerous countries by Defendants. Defendants utilized the promise of a unique opportunity to work in the United States to entrap them into a psychologically coercive and financially ruinous trafficking scheme that subjected the Plaintiff and other similarly situated immigrant workers to exorbitant debt, forced labor, substandard living conditions and substandard wage rates. Once in the United States, Plaintiff and other

similarly situated immigrant workers were further abused and exploited by Defendants, who used a variety of coercive tactics, including the abuse of legal process, isolation, threats of physical violence, and threats of deportation to attempt to control the Plaintiff and other immigrant workers' actions. The United States government has declared the Plaintiff is a victim of human trafficking. Defendant Michael V. Lombardi is serving a sentence in Federal Prison for his role in this same human trafficking scheme. See Criminal Indictment, attached hereto as Exhibit "A" and Plea Agreement attached hereto as Exhibit "B".

## PARTIES

1.  Plaintiff, Rodolfo Andrade, is a national of the Republic of the Philippines and resides in Biloxi, Mississippi.

2.  Defendant, Michael V. Lombardi, is an individual that resides at 11096 47th Road N. West Palm Beach, FL 33411.

3.  Defendant, U.S. Opportunities, LLC, is a corporation that is incorporated in Florida, and may be served through its registered agent Michael V. Lombardi, 11096 47th Road North, West Palm Beach, Florida 33411.

4.  Defendant, Royal Hospitality Services, LLC, (RHS) is a corporation that is incorporated in Louisiana, and may be served through its registered agent Samuel Nikoghosyan, 237 N. Peters Street, 4th Floor, New Orleans, Louisiana 70130. Royal Hospitality appeared in this case prior to severance.

## JURISDICTION AND VENUE

5.  The Court has jurisdiction over this action pursuant to 28 U.S.C. section 1331 (federal jurisdiction), 18 U.S.C. section 1595(a)(civil trafficking), and Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. section 216(b). The Court has

supplemental jurisdiction over the state law causes of action asserted in the Complaint pursuant to 28 U.S.C. section 1367 because the state law claims form part of the same case or controversy as the federal law claims.

6. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

7. Venue is also proper in this District pursuant to 18 U.S.C. Section 1965(a) because some or all Defendants reside, are found, have agents, and/or transact his/her/its affairs in the Southern District of Mississippi.

8. Venue is also proper in this District pursuant to 18 U.S.C. Section 1965(b) because the ends of justice require that other parties residing in other districts be brought before this Court.

## STATEMENT OF FACTS

9. Plaintiff is one of many foreign nationals who were trafficked from the Republic of the Philippines by Defendants in 2009.

10. Plaintiff held an H-2B visa, which allows U.S. employers to bring foreign nationals to the United States to fill temporary nonagricultural jobs. These visas are usually valid for one year but can be extended up to three (3) years.

11. Defendants operated a trafficking scheme to recruit Plaintiff and other immigrant workers from several countries for work in various locations in the United States.

12. Defendant Lombardi fraudulently misrepresented to the Department of Labor that various employers needed more H-2B workers then they actually needed. Lombardi then

submitted applications for the employers that did not require laborers and used the employers as sponsors on the H-2B visas.

13. Plaintiff was recruited in the Philippines by Z-Drive and promised a job at Ibis Management Services Inc. in Florida.

14. Plaintiff was coerced into signing loan agreements in order to pay for his visa fees.

15. Plaintiff was misled to believe that his loans could easily be paid with the money he would be making. Instead, he was placed in a job paying so little he could not afford to pay for his living conditions, much less pay his loans back. Plaintiff was told that he would have a job working in the hotel industry. Plaintiff signed an Ibis Management Services "Offer of Employment" that was also signed by "Overseas Contact … Mike Lombardi."

16. Initially, Plaintiff was sent to Hattiesburg Mississippi and given a job planting trees. Plaintiff had to Plant trees for twelve hours a day and was paid so little that at the end of the first week Plaintiff owed his employer money. Plaintiff and his friends escaped these circumstances and contacted Z-drive and Mike Lombardi who instructed him to contact RHS. RHS told Plaintiff that they would renew his visa and pay him a good wage. Believing this, Plaintiff signed a contract with RHS in January 2010.

17. The new contract allowed for payment on a per room basis rather than the hourly basis promised in his original contract.

18. Defendant RHS never paid or offered to pay for Plaintiff's visa fees as required by the federal visa program. Instead RHS fraudulently misrepresented to Plaintiff that Plaintiff was responsible for payment of those fees.

19. When it came time to renew his H-2B visa, RHS deducted money directly from Plaintiff's paycheck. When the visa arrived, Plaintiff was surprised to discover it was a tourist visa rather than an H-2B visa. When Plaintiff complained that a tourist visa was not a working visa, Defendant Royal Hospitality told him he was allowed to work at the Beau Rivage with a tourist visa.

20. Plaintiff worked for RHS from January 2010 to November 2010. During this time Plaintiff performed work before and after clocking in for the day, including stocking and preparing his cleaning cart. Further, Plaintiff often was not properly paid minimum wage and/or overtime.

21. Despite poor living conditions, Plaintiff was charged exorbitant amounts for rent, which RHS deducted directly out of his paycheck.

22. Plaintiff was certified by the Department of Health and Human Services as a victim of Human Trafficking.

## COUNT I

## THE WILLIAM WILBERFORCE TRAFFICKING VICTIMS PROTECTION REQUTHORIZATION ACT OF 2008 (18 U.S.C. § 1595)

23. Plaintiff re-alleges and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

### A. Authority for a Civil Action

24. Plaintiff is a victim of the following violations of Title 18, Chapter 77 of the United States Code: 18 U.S.C. Sections 1589, 1590, 1592, and 1594(a) and (b).

25. As set forth in 18 U.S.C. section 1595(a), Plaintiffs may bring a civil action against the perpetrators of these violations and "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in a violation" of these provision.

26. Defendants were perpetrators of the violations of 18 U.S.C. sections 1589, 1590, 1594(a) and 1594(b), and/or knowingly benefitted financially from participation in a venture which they knew or should have known engaged in a violation.

27. Defendants Lombardi, and US Opportunities in coordination with employment agencies in the Philippines, made false promises of work to Plaintiff in order to traffick him to the United States. Upon arrival into the United States, Lombardi and U.S. Opportunities funneled Plaintiff to RHS in order to fill their worker requirements to the Beau Rivage. RHS knowingly participated in this venture by accepting the benefits of Plaintiffs work when it knew or should have known that these workers were illegally trafficked by Lombardi and overseas employment agencies who were in violation 18 U.S.C. sections 1589, 1590, 1594(a) and 1594(b).

### B.  Forced Labor (18 U.S.C. § 1589)

28. Defendants acquired the labor of Plaintiff by means of abuse and threatened abuse of law or legal process and by means of a scheme, pattern, or plan intended to cause Plaintiff to believe that, if he did not perform the labor, he would suffer serious and detrimental harm, including, deportation.

29. Defendants knowingly benefitted financially from participation in a venture which they knew or should have known was engaged in these acts. Lombardi knowingly

participated in the venture to traffick the Plaintiff and others to the United States. RHS knowingly benefited from this venture by profiting from the Plaintiff's labor and threatening the Plaintiff with deportation and other serious and detrimental harm.

### C. Trafficking with Respect to Peonage, Slavery, Involuntary Servitude, or Forced Labor (18 U.S.C. § 1590)

30. Defendants aided and abetted the recruitment and transportation of Plaintiff and other foreign nationals for labor and services in violation of 18 U.S.C. sections 1589, 1592, 1594(a), and 1594(b).

31. Defendants knowingly benefited financially from participation in a venture which they knew or should have known was engaged in these acts.

### D. Attempt and/or Conspiracy to Violate 18 U.S.C. Sections 1589, and 1590 (18 U.S.C. § 1594(a) and (b)).

32. Defendants and Employer Defendants attempted and/or conspired to violate 18 U.S.C. Sections 1589 and 1590 in violation of 18 U.S.C. Section 1594(a) and (b).

33. Defendant Lombardi/US Opportunities conspired with Defendant RHS to profit off the labor of Plaintiff and other foreign nationals.

34. Defendants Lombardi/US Opportunities and RHS knowingly benefited financially from participation in a venture which the Defendants knew or should have known was engaged in these acts.

### E. Damages

35. As a proximate result of the conduct of Defendants, Plaintiff has suffered injuries to his persons and property along with other damages.

### COUNT II.

## **VIOLATION OF THE FAIR LABOR STANDARDS ACT**

36.     Plaintiff is a non-exempt employee and is subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiff is entitled to minimum wages and overtime pay for all hours over forty (40) hours worked in a given week.

37.     The fair Labor Standards Act requires that employees be paid minimum wages and overtime compensation at a rate not less than one and one-half (1 ½) times minimum wage rates or their regular rate of pay if it is higher.  29 U.S.C. § 207(a).

38.     Plaintiff has not been paid minimum wages and/or overtime compensation under the Fair Labor Standards Act at a rate of 1 ½ his regular pay.

39.     The acts of Defendant RHS constitute a willful intentional violation of the Fair Labor Standards Act.

## **DAMAGES**

40.     WHEREFORE, Plaintiff requests the following relief:

   a.     Compensatory damages;

   b.     Overtime pay and minimum wages;

   c.     Liquidated damages;

   d.     Punitive damages;

   e.     Attorney fees and costs; and

   f.     Such other relief as the Court deems just and appropriate.

THIS, the 26th day of March, 2011.

                              Respectfully submitted,

                              /s/ Benjamin Ruemke_____

                              Benjamin Ruemke
                              Ryan Hicks

        Peter Schneider
SCHNEIDERWALLACE
COTTRELL KONECKY, L.L.P.
3700 Buffalo Speedway # 1100
Houston, Texas 77098
Telephone: 713-338-2560
Fax: 866-505-8036
pschneider@schneiderwallace.com
rhicks@schneiderwallace.com
bruemke@schneiderwallace.com
*Admitted Pro Hac Vice*

Joseph C. Peiffer
FISHMAN HAYGOOD PHELPS
WALMSLEYWILLIS &
SWANSON, L.L.P.
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
Telephone: 504-586-5252
Fax: 504-586-5250
jpeiffer@fishmanhaygood.com
*Admitted Pro Hac Vice*

***Attorneys for Plaintiff***

# CERTIFICATE OF SERVICE

      I certify that I filed this document on March 26, 2014 using the CM-ECF system, which will electronically notify all parties.

                                               /s/ Benjamin Ruemke